**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION (CINCINNATI)**

| | | |
|---|---|---|
| **OHIO CVS STORES, L.L.C.** | : | |
| **One CVS Drive** | : | |
| **Woonsocket, Rhode Island 02895** | : | |
| | : | |
|     Plaintiff, | : | |
| | : | |
| vs. | : | Case No. _____ |
| | : | |
| **PHILIP KASSOVER** | : | Judge _____ |
| **5 Shore Drive** | : | |
| **Kings Point, New York 11024** | : | |
| | : | |
| and | : | |
| | : | |
| **ALLERAND REALTY HOLDINGS,** | : | **COMPLAINT FOR** |
| **LLC** | : | **INTERPLEADER** |
| **c/o Cogency Global Inc., Registered Agent** | : | |
| **850 New Burton Road, Suite 201** | : | |
| **Dover, Delaware 19904** | : | |
| | : | |
|   With a copy to: | : | |
| | : | |
| **675 West Indiantown Road** | : | |
| **Suite 103** | : | |
| **Jupiter, Florida 33458** | : | |
| | : | |
| and | : | |
| | : | |
| **SCP 2001A-CSF-51 LLC** | : | |
| **c/o Cogency Global Inc., Registered Agent** | : | |
| **850 New Burton Road, Suite 201** | : | |
| **Dover, Delaware 19904** | : | |
| | : | |
| and | : | |
| | : | |
| **RICHARD J. SABELLA** | : | |
| **1000 Brickell Avenue, Suite 720** | : | |
| **Miami, Florida 33131** | : | |
| | : | |
| and | : | |
| | : | |

| | |
|---|---|
| **GCC REALTY COMPANY, LLC** | : |
| c/o Cogency Global Inc., Registered Agent | : |
| 850 New Burton Road, Suite 201 | : |
| Dover, Delaware 19904 | : |
| | : |
| **and** | : |
| | : |
| **GCC CINCINNATI, LLC** | : |
| c/o Cogency Global Inc., Registered Agent | : |
| 850 New Burton Road, Suite 201 | : |
| Dover, Delaware 19904, | : |
| | : |
| **and** | : |
| | : |
| **ACLCP CINCINNATI, LLC** | : |
| c/o Cogency Global Inc., Registered Agent | : |
| 850 New Burton Road, Suite 201 | : |
| Dover, Delaware 19904, | : |
| | : |
| Defendants. | : |

## PRELIMINARY STATEMENT

Plaintiff Ohio CVS Stores, L.L.C. ("CVS") leases property in Cincinnati pursuant to the terms of a lease (the "Lease") with SCP 2001A-CVS-51 LLC ("SCP"). At this property, CVS operates a retail store and pharmacy. Under normal circumstances, CVS—like most tenants—would pay its landlord pursuant to the terms of the governing Lease. But in this situation, following a merger and less-than-clear transfers of ownership interests among the Defendants, the Defendants dispute who owns SCP and who is entitled to CVS's rent payments pursuant to the Lease.

CVS is ready and willing to make all of its rental payments pursuant to the Lease, but given the ongoing dispute among the parties as to who is entitled to payments pursuant to the Lease, CVS is at risk of exposing itself to multiple liabilities if it makes Lease

2

payments to one of the Defendants. As a result, CVS brings this Complaint for Interpleader and states as follows:

## PARTIES

1. Plaintiff CVS is a limited liability company organized under the laws of the state of Ohio with its principal place of business in Ohio. CVS's sole member is CVS Pharmacy, Inc., which is a corporation organized and existing under the laws of, and with a principal place of business in, the state of Rhode Island.

2. Defendant SCP is a limited liability company organized under the laws of the state of Delaware. SCP is or was a party to the Lease. Upon information and belief, SCP's principal place of business is or was in Texas. Further, upon information and belief, no member of SCP is a citizen of the state of Rhode Island.

3. Defendant Sabella is an individual who, upon information and belief, resides in and is a citizen of the state of Florida.

4. Defendant Allerand is a limited liability company organized under the laws of the state of Delaware with its principal place of business in Florida. Upon information and belief, Defendant Sabella is an owner of Defendant Allerand and Defendant Allerand is a citizen of Florida. Further, upon information and belief, no member of Allerand is a citizen of the state of Rhode Island.

5. Defendant ACLCP Cincinnati is a Delaware limited liability company. Sabella claims that SCP was merged into ACLCP Cincinnati and that ACLCP Cincinnati is entitled to receive payments from CVS under the Lease. Upon information and belief, Defendant ACLCP is a citizen of Florida. Further, upon information and belief, no member of ACLCP Cincinnati is a citizen of the state of Rhode Island.

6. Defendant Kassover is an individual who, upon information and belief, resides in and is a citizen of the state of New York.

7. Defendant GCC Realty Company, LLC ("GCC Realty") and Defendant GCC Cincinnati, LLC ("GCC Cincinnati") are both Delaware limited liability companies that may claim an interest in CVS's rent payments under the Lease. Further, upon information and belief, no member of GCC Realty or GCC Cincinnati is a citizen of the state of Rhode Island.

## JURISDICTION AND VENUE

8. This Court has jurisdiction under 28 U.S.C. § 1335 in that two or more of the Defendants are of diverse citizenship and the amount in controversy exceeds $500.00. Interpleader cases require only "minimal diversity" between the claimants, and such diversity is present here. *State Farm Fire & Cas. Co. v. Tashire*, 386 U.S. 523, 530 (1967). Upon information and belief, Defendants are citizens of Delaware, Florida, New York, and Texas, and therefore, the "minimal diversity" requirement of 28 U.S.C. § 1335 is satisfied.

9. This Court also has jurisdiction pursuant to 28 U.S.C. § 1332 because the matter in controversy exceeds $75,000, exclusive of interest and costs, and is between citizens of different states. CVS is a citizen of the state of Rhode Island, and upon information and belief, Defendants are citizens of the states of Delaware, Florida, New York, or Texas.

10. Venue is proper in this federal district, under 28 U.S.C. § 1391(b)(2), because a substantial part of the events or omissions giving rise to the claim occurred in this district and because the Lease at issue relates to property located in this judicial district.

## FACTUAL BACKGROUND

4

**A.     The Lease and Renewal**

11.     On December 13, 2001, SCP, as landlord, and Vine & Taft CVS, Inc., as tenant, executed the Lease for the Property. A true and accurate copy of the Lease for the Property is attached as Exhibit 1. As a result of a merger, Vine & Taft CVS, Inc. was merged out of existence and is now known as Ohio CVS Stores, L.L.C.

12.     The initial term of the Lease runs until January 31, 2024. (Exhibit 1, ¶ 11.)

13.     In addition to the initial term, the Lease allows CVS to exercise two renewal options, each for five years. (*Id.*, ¶ 12(a).)

14.     On July 20, 2023, CVS issued notice of its election to exercise the renewal option of the Lease for an additional five-year period, to commence on February 1, 2024 and expire on January 31, 2029. This letter was delivered to, among other parties, Defendant GCC Realty, Defendant Allerand, and Defendant Kassover. A true and accurate copy of CVS's notice is attached as Exhibit 2.

15.     On August 8, 2023, CVS executed a Notice of Lease Renewal, exercising its option to extend the term of the Lease for an additional period of five years. The Notice records that the extended term is to commence on February 1, 2024 and expire on January 31, 2029 ("the Extended Lease Term"). The same terms, covenants, and conditions that applied to the original Lease Term apply to the Extended Lease Term. A true and accurate copy of the Notice of Lease Renewal is attached as Exhibit 3.

16.     On August 14, 2023, CVS filed the Notice of Renewal with the Hamilton County Recorder's Office. (*Id.*)

17.     Pursuant to Section 44(f) of the Lease, "[i]n the event of any suit, action, or other proceeding at law or in equity, by either party hereto against the other, by reason of

5

any matter arising out of this Lease, the prevailing party shall recover, not only its legal costs, but also reasonable attorneys' fees (to be fixed by the Court) for the maintenance or defense of said suit, action or other proceeding, as the case may be." *Id.* at Part II, § 44(f).

**B.     Rent Payments**

18.     Until 2012, pursuant to the Lease, CVS made its monthly rent payments under the Lease to SCP's lender, Wells Fargo. (*See* Ex. 1, Part II, ¶ 5(a).)

19.     On or about January 1, 2012, CVS made a lump sum payment to Wells Fargo for its remaining rent payments under the initial term of the Lease. Upon information and belief, that lump sum was used to pay off the loan extended by Wells Fargo.

20.     Because of its lump sum payment of rent, CVS had fulfilled its rent obligations under the initial term of the Lease and has not had to pay rent to SCP or any other party since 2012.

21.     However, because CVS has exercised its renewal option, it will be required to make its next rent payment on February 1, 2024.

22.     Given the ongoing dispute among the Defendants, however, CVS does not know the proper party to whom rent should be paid.

**C.     The Dispute**

23.     As explained above, there is currently a dispute among Defendants regarding who is legally entitled to receive rent payments from CVS pursuant to the Lease. The rents in dispute are all of those due from CVS from February 1, 2024 until January 31, 2029.

24. On March 19, 2003, Sabella sent a letter to CVS stating that the membership interests in SCP had been assigned and that the new owner of SCP's membership interests was GCC Cincinnati (a subsidiary of GCC Realty). A true and accurate copy of the March 19, 2003 letter is attached as Exhibit 4. In the March 19, 2003 letter, Sabella instructed CVS to send all notices, demands, requests, and other communications directed to SCP to GCC Cincinnati.

25. On August 26, 2020, however, counsel for Kassover sent an email to CVS informing CVS that Defendant Kassover was appointed as the "Attorney-in-Fact" of GCC Realty and instructed CVS that all notices under the Lease should be sent to Defendant Kassover's counsel. A true and accurate copy of the August 26, 2020 email is attached as Exhibit 5.

26. The receipt of these conflicting notices, and other communications among CVS and counsel for Defendants, create uncertainty for CVS regarding what party has a controlling interest in SCP and is therefore entitled to receive CVS's rental payments.

27. CVS learned through its investigation that disputes involving Defendants are being litigated throughout the country, including litigation as to the rightful owner of SCP and GCC Realty and the rightful recipient of rental payments for various properties. *See, e.g., Richard J. Sabella, et al. v. Philip Kassover,* S.D. of Fla. Case No. 9:16-CV-81277; *Walgreen Co. v. Philip Kassover, et al.*, Supreme Court of New York, County of New York, Index No. 653071/2021; *Ruth Kassover, et al. v. PVP-GCC HoldingCo., LLC, et al.,* Supreme Court of New York, Count of New York, Index No. 602434/2005.

28. Knowing of the conflict among Defendants, counsel for CVS sent a letter to Defendants and/or their counsel on December 5, 2023. A true and accurate copy of the letter is attached as Exhibit 6.

29. In the letter, CVS made clear that it is "ready, willing and able to pay the rent and other charges that are or will become due under the Lease starting on February 1, 2024, but needs to ensure that it is making these payments to the rightful recipient." CVS requested "clear, joint and written instructions from all of the parties" or a court order, "which clarifies to whom CVS should be paying rent and other charges pursuant to the Lease." *See* Exhibit 6.

30. CVS, however, has not received joint written instructions from Defendants as to where rental payments should be made. Instead, CVS received a response from the managing member of Defendant ACLCP Cincinnati dated January 17, 2024, which states that rent payments should be made to Defendant ACLCP and that CVS should disregard Kassover's claims. A true and accurate copy of the January 17, 2024 letter is attached as Exhibit 7.

31. As of the date of this filing, CVS does not know which party it should deliver its monthly rent to.

**CAUSE OF ACTION IN INTERPLEADER UNDER 28 U.S.C. § 1335 AND FED. R. CIV. P. 22**

32. CVS incorporates by reference each of the allegations set forth in the foregoing paragraphs as if fully restated herein.

33. CVS acknowledges that it owes future rental payments under the terms of the Lease for the Extended Lease Term.

34. CVS stands ready, willing, and able to pay its monthly rental payments starting on February 1, 2024.

35. However, Defendants' respective claims to the monthly rent are adverse and conflicting.

36. CVS is unable to determine which of the claims asserted by Defendants is valid.

37. CVS is exposed to potential multiple liabilities as a result of the adverse and conflicting claims by Defendants. It cannot safely make future Lease payments to any Defendant without exposing itself to the risk of lawsuit, double liability, and inconsistent judgments.

38. CVS has made efforts to resolve this dispute among the Defendants and to obtain clarity regarding the proper party to pay rent to, but CVS has been provided no solution.

39. Despite CVS's efforts to date, the dispute concerning who is entitled to monthly rent remains unresolved.

WHEREFORE, Plaintiff Ohio CVS Stores, L.L.C., demands judgment:

(a) Restraining Defendants from commencing an action against CVS for eviction or unpaid monthly rent;

(b) Directing Defendants to be required to interplead together concerning their respective claims to the monthly rent;

(c) Directing CVS to pay into the Court's registry all future monthly rents;

(d) Awarding to CVS the costs and expenses, including reasonable attorneys' fees, incurred and to be incurred in connection with this action;

(e) Dismissing CVS from this litigation and discharging CVS from all further liability to Defendants;

 (f) Enjoining Defendants from taking any action against CVS with respect to payments owed under the Lease; and

 (g) Granting such other and further relief as the Court deems just, proper, and equitable.

Respectfully submitted,

*/s/ Julie A. Crocker*
Julie Crocker (0081231)
Taft, Stettinius & Hollister LLP
200 Public Square
Suite 3500
Cleveland, OH 44114
Phone: (216) 706-3960
Fax: (216) 241-3707
jcrocker@taftlaw.com

Benjamin C. White (0098232)
Taft, Stettinius & Hollister LLP
425 Walnut Street, Suite 1800
Cincinnati, OH 45202-3957
Phone: (513) 381-2838
Fax: (513) 381-0205
bwhite@taftlaw.com

Attorneys for Plaintiff