**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | |
|---|---|
| OHIO CVS STORES, L.L.C., | ) |
|               Plaintiff, | ) Civil Action No. 1:24-cv-00049 |
| v. | ) JUDGE JEFFREY P. HOPKINS |
| PHILIP KASSOVER, et al., | ) |
|               Defendants. | ) |

**NOTICE OF DISMISSAL OF BANKRUPTCY CASE AND
ADDITIONAL RESPONSE TO MOTION TO TRANSFER**

On October 16, 2025, Plaintiff Ohio CVS Stores, L.L.C. ("CVS") filed its Response (Doc. #97) to the Motion to Transfer Venue filed by Defendant GCC Realty Company, LLC; Allerand Realty Holdings, LLC; ACLCP Cincinnati, LLC; and Richard J. Sabella (collectively, the "ACLCP Defendants"). (Doc. #94.)

In their Motion to Transfer Venue, the ACLCP Defendants notified the Court that ACLCP Cincinnati, LLC filed a voluntary petition under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Case") in the Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"). The ACLCP Defendants asked that this action be transferred to the District Court for the District of Delaware, where ACLCP Cincinnati, LLC would "then seek a referral of this case to the Delaware Bankruptcy Court, where it can be consolidated" with an adversary proceeding captioned *ACLCP Port Huron, LLC, et al. v. CVS Caremark Corp., et al.*, Adv. Case No. 25-52346. (Doc. #94, Paragraph 5.)

In CVS's Response to the Motion to Transfer Venue, CVS did not object to the transfer of this action to the District Court for the District of Delaware. (Doc. #97.) Since CVS filed its Response, however, the Bankruptcy Court dismissed the Chapter 11 Case and the related adversary proceeding. (*See* Order Dismissing Chapter 11 Cases For Cause, attached to Intervening Parties'

Notice (Doc. #105-1).) As a result of the dismissal of the Bankruptcy Case, the Motion to Transfer Venue is moot.

Separately, CVS is compelled to correct the record and address several of the *ad hominin* statements made by the ACLCP Defendants in their Reply In Further Support of Motion to Transfer (the "Reply"). (Doc. #101.) The ACLCP Defendants claim in their Reply that "[s]uddenly, in January 2024, CVS decided" that this interpleader action (and several other interpleader actions) "would give it tremendous leverage in other disputes it had with ACLCP and its affiliates." (Doc. #101, Paragraph 2.) The ACLCP Defendants further stated that "CVS has promptly departed this case, and left ACLCP—without its rent—to clean up this needless mess." (*Id.*)[1]

Contrary to the ACLCP Defendants' statements, CVS has not yet "departed" this case and did not file this action to obtain "leverage." CVS has been very clear in this action that it does not want to subject itself to multiple liabilities and filed this action because of the ongoing disputes as to who is entitled to rent payments pursuant to CVS's lease agreement with SCP 2001A-CVS-51 LLC. Although the ACLCP Defendants claim they are the rightful owners of the property and are

---

[1] CVS would also like to correct certain statements presented to the Court in the ACLCP Defendants' Notice of Supplemental Authority in Support of Motion to Transfer (the "Notice of Supplemental Authority"). (ECF #103.) In their Notice of Supplemental Authority, the ACLCP Defendants direct the Court to, and provide copies of, two Reports and Recommendations (the "Reports"), which were issued by a magistrate in separate interpleader actions involving different CVS entities. The Reports contain direct quotes from a motion filed in those cases by certain ACLCP parties that are related to the ACLCP Defendants. (ECF #103-1, Pages 9-11.) These quotes, which were used as support for the Reports' recommendations, include statements referring to "the meritless claims of Mr. Kassover" and "the extreme and undue expense" caused as a result of "the commencement by CVS" of the interpleader actions. (ECF #103-1, PageID #1780-11, #1792-93.) These statements suggest that Mr. Kassover's claims, and by extension, CVS's interpleader complaint, are meritless. No court, however, has determined that the interpleader actions filed by CVS and its related entities are meritless or that Mr. Kassover's claims are meritless. In fact, this Court, in granting CVS's Motion to Interplead Funds, "agree[d] that CVS is a disinterested stakeholder" that faces multiple claims of liability if it pays one of the defendants. (ECF # 65, PageId # 836.)

entitled to the rent payments at issue, this remains disputed by Mr. Kassover, and there has never been a clear and definitive showing by the ACLCP Defendants that they are in fact entitled to the payments. If ownership of the property and the ACLCP Defendants' entitlement to rent payments is as clear as the ACLCP Defendants believe, then they can present their evidence in support of their claims to the Court.

Until a decision is made by the Court as to the party entitled to receive the rent payments at issue, CVS will continue to deposit its monthly rent with the Clerk of Court.

Respectfully submitted,

*/s/ Julie Crocker*
Julie Crocker (0081231)
Taft, Stettinius & Hollister LLP
200 Public Square
Suite 3500
Cleveland, OH 44114
Phone: (216) 706-3960
Fax: (216) 241-3707
jcrocker@taftlaw.com

Connor D. Hicks (0104492)
Taft, Stettinius & Hollister LLP
425 Walnut Street, Suite 1800
Cincinnati, OH 45202-3957
Phone: (513) 381-2838
Fax: (513) 381-0205
cdhicks@taftlaw.com

*Attorneys for Plaintiff Ohio CVS Stores, L.L.C.*

**CERTIFICATE OF SERVICE**

I hereby certify that on this the 16th day of December, 2025, a copy of the foregoing document was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's electronic filing system.

I further certify that a copy of the foregoing was emailed to Defendant Philip Kassover at philip.kassover@gmail.com and mailed to Mr. Kassover at 5 Shore Drive, Kings Point, NY 11024.

*/s/ Julie Crocker*
Julie Crocker (0081231)

*Attorney for Plaintiff Ohio CVS Stores, L.L.C.*